NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTIN HERRERA; TERESA NAJERA,<br><br>    Petitioners,<br><br> v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 25-5370<br><br>Agency Nos.<br>A073-895-889<br>A073-929-306<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Valentin Herrera and Teresa Najera ("Petitioners") are natives and citizens

of Mexico. They petition for review of the Board of Immigration Appeals' ("BIA")

denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of the motion to reopen, *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020), and deny the petition.

The BIA did not abuse its discretion in concluding that Petitioners failed to establish prima facie eligibility for asylum or withholding of removal. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (explaining that the Agency may deny a motion to reopen when "the petitioner failed to establish a prima facie case for the relief sought").[1] Petitioners rely on general conditions of crime and violence in Mexico to support their claims. But their "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (same); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023) (same). And they do not point to specific evidence that they will be persecuted on account of their family ties. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (holding that the BIA did not abuse its discretion in concluding that the petitioner failed to establish a prima facie case for asylum or withholding of removal because the petitioner's affidavit was too speculative and

---

[1] Although Petitioners argue that they demonstrated changed country conditions and that the BIA erred in not adequately addressing that issue, the BIA did not need to address the related exception to the statutory 90-day deadline for filing a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), because it determined that Petitioners' motion was timely.

the petitioner failed to submit any specific evidence), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). Petitioners fail to point to specific evidence that they will be persecuted on account of Herrera's family's land ownership or their daughter's disability. *See Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022) (upholding denial of motion to reopen because the "affidavit and articles are too speculative to be credited as a basis for fear of future persecution" (citation modified)).[2]

Petitioners also fail to show that the BIA abused its discretion in holding that they did not establish prima facie eligibility for protection under the Convention Against Torture ("CAT"). Petitioners have not pointed to any specific evidence that it is more likely than not that they will be tortured if removed to Mexico. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (stating the standard for eligibility for CAT relief). Petitioners rely on generalized evidence of crime in Mexico, and they have not demonstrated that the BIA overlooked any evidence they submitted. *See id.* (explaining that a petitioner must show that he or she "will face a particularized and non-speculative risk of torture" (emphasis omitted)); *see also id.* at 979 ("We start with the presumption that the BIA reviewed the record and considered all relevant evidence.").

---

[2] Petitioners' conclusory claim that the BIA engaged in improper fact-finding likewise fails.

**PETITION DENIED.**[3]

---

[3] Petitioners' opposed motion to stay removal (Dkt. No. 2) is denied. The temporary stay of removal entered pursuant to General Order 6.4(c) (Dkt. No. 2) is lifted, effective immediately.